UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE RODMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GINA BRIGHT and PATRICK HILDEBRAND,<br><br>　　　　Defendants. | No. 2:25-cv-1178-DAD-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned. ECF No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The motion to proceed IFP, ECF No. 2, will be granted. However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim. As explained below, Plaintiff should be granted leave to amend her claims to plead sufficient facts as to the underlying events and exhaustion of administrative remedies.

**I.　　LEGAL STANDARD**

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute,

1

however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.   COMPLAINT AND MOTION

Plaintiff brings this action against Defendants Gina Bright, Post Manager of the United States Postal Service ("USPS"), and Patrick Hildebrand, USPS Labor Relations employee and former Post Manager. ECF No. 1 at 2. Plaintiff asserts federal question jurisdiction solely because the USPS is a federal agency. *Id.* at 3-4. Plaintiff implies she was a USPS employee insofar as her Complaint alleges Defendants discriminated against her due to her age, terrorized and harassed her, subjected her to harassment, defamed her character, and generally created a hostile work environment. *Id.* at 5-6. Plaintiff alleges she has emails to prove these claims, but does not provide further details. *Id.* at 5. She does not identify what form of relief she seeks. *Id.* at 6.

The IFP application asserts Plaintiff has a monthly take-home income of $3,600 per month and $505 in a checking or savings account. ECF No. 2 at 1-2. Monthly expenses in the form of utilities, car payments, insurance payments, food costs, rent, and phone bills total $3,500. *Id.* at 2.

## III.   ANALYSIS

Plaintiff's IFP application asserts that her monthly take-home income only exceeds her monthly expenses by $100. *See* ECF No. 2 at 1-2. When combined with the fact that she only has a few hundred dollars saved, this demonstrates that she currently does not have the resources to pay filing fees in this action. *See id.* at 2; 28 U.S.C. § 1915(a)(1). Leave to proceed *in forma pauperis* is granted.

3

The alleged facts, however, fail to state a claim. Plaintiff merely alleges forms of harm, such as harassment, age-based discrimination, defamation, and the overall creation of a hostile work environment. ECF No. 1 at 5. Pleadings that merely identify the causes of action by name, without articulating the events that give rise to such claims, are conclusory and insufficient. *See Western Mining Council*, 643 F.2d at 624; *Twombly*, 550 U.S. at 555-57; *Iqbal*, 556 U.S. at 678.

In any case, claims of harassment and defamation are tort claims subject to the Federal Tort Claims Act ("FTCA").[1] "The FTCA waives the United States' sovereign immunity for tort claims against the federal government in cases where a private individual would have been liable under 'the law of the place where the act or omission occurred.'" *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting 28 U.S.C. § 1346(b)). An individual who seeks to pursue civil litigation against a government agency, including the USPS, must therefore first exhaust the administrative remedies under the FTCA. *See* 39 C.F.R. § 912.2(a). Unitl a final decision on such an administrative claim has been issued, courts lack jurisdiction over any action against the USPS. *See Guillot v. Ferrell*, Case No. 1:16-CV-1307, 2017 WL 4387317 at *4 (E.D. Cal. Oct. 3, 2017). Plaintiff does not attempt to plead that she exhausted these remedies prior to filing suit.

Both the lack of specificity and the failure to plead exhaustion of administrative remedies render the pleadings insufficient to state a claim. The Court acknowledges, however, that Plaintiff may be able to articulate additional facts to cure both defects. It therefore recommends that Plaintiff be granted leave to amend her Complaint.

### IV.   AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one

---

[1] Although Plaintiff alleges discrimination based on her age, she does not allege a claim based on Title VII of the Civil Rights Act of 1964. *See* ECF No. 1 at 5. In any case, Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin, but not age. 42 U.S. Code § 2000e-2(a)(1). Her discrimination claim therefore cannot provide a basis for federal question jurisdiction.

before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     **PRO SE PLAINTIFF SUMMARY**

The magistrate judge is granting your motion to proceed *in forma pauperis*, without paying the requisite filing fees, be granted. Upon screening the Complaint, however, the undersigned finds the Complaint factually deficient for failure to (1) adequately plead exhaustion of administrative remedies and (2) failure to articulate the factual basis of your claims. Failure to amend the Complaint to cure both defects will result in dismissal of this action.

////

////

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED; and
2. Should Plaintiff wish to continue to pursue this action, she must file a First Amended Complaint within 30 days of the date of this order.

DATED: May 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE