UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE RODMAN,<br><br>Plaintiff,<br><br>v.<br><br>GINA BRIGHT and PATRICK HILDEBRAND,<br><br>Defendants. | No.  2:25-cv-1178-DAD-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned. ECF No. 1. Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), which was granted. ECF No. 3 at 3. The undersigned issued a screening order pursuant to 28 U.S.C. § 1915, and concluded that Plaintiff's Complaint was legally deficient for failure to include factual allegations underlying her claims of harassment, age-based discrimination, defamation, and the overall creation of a hostile work environment. *Id.* at 4 (citing ECF No. 1 at 5). It further noted that the alleged claims fell under the Federal Tort Claims Act ("FTCA"), yet Plaintiff had not pled that she exhausted her administrative remedies thereunder. ECF No. 3 at 4. The order gave Plaintiff 30 days to file a First Amended Complaint ("FAC") addressing the Complaint's deficiencies. *Id.* at 6.

1

Before the Court is Plaintiff's FAC, filed on June 13, 2025, along with a second IFP application. ECF Nos. 4-5. Because the Court has already granted leave to proceed IFP, the renewed application (ECF No. 5) is DENIED as unnecessary. The Court concludes, however, that the FAC again fails to adequately plead exhaustion of administrative remedies under the FTCA. Based on allegations suggesting claims under Title VII of the Civil Rights Act of 1964, however, leave to amend the FAC as to fully plead such claims is granted.

## I.      LEGAL STANDARD

As explained in the Court's earlier screening order (ECF No. 3), the federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the FAC, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.     THE FIRST AMENDED COMPLAINT

The FAC alleges that as of its filing, Plaintiff has worked for the United States Postal Service ("USPS") for ten years.  ECF No. 4 at 5.  Approximately three years ago, Defendant Patrick Hildebrand became manager of Plaintiff's post office.  *Id.*  Hildebrand initially commented on the fact that he was now supervising Dennis Rodman's ex-wife, whom Plaintiff then asked Hildebrand to never mention again.  *Id.* at 6.  Hildebrand then proceeded to constantly accuse Plaintiff of opening and stealing other people's mail, cashing checks therein, and harassing a customer.  *Id.*  He based these accusations on allegations by Plaintiff's brother, Matthew Bakes, who sought retribution for being exposed for forging signatures on their father's will because the authentic will left Plaintiff everything.  *Id.*

Hildebrand also accused Plaintiff of being addicted to methamphetamine, but he refused to show the emails that allegedly proved this claim.  *Id.*  When Defendant Gina Bright became manager after Hildebrand left, she continued to conceal these emails and to harass Plaintiff.  *Id.*  Meanwhile, with Bakes' harassment escalating to stalking, threatening coworkers, and videotaping Plaintiff while she delivered mail, Plaintiff obtained a restraining order against him.

3

*Id.* Despite this order, Bright refused to change Plaintiff's mail route to keep her safe until another supervisor intervened. *Id.*

Plaintiff wrote various grievances to her union about the behavior of Hildebrand and Bright, but Bright "ran out" the union representative for Plaintiff's post office. *Id.* at 7. Bright also retaliated against Plaintiff by leaving her on an overburdened route without cutting it or helping her with it as promised. *Id.* Plaintiff filed an Equal Employment Opportunity ("EEO") complaint, but it was then handled by the post office in a biased way. *Id.* Email evidence that Hildebrand and Bakes were on friendly terms, and that Bakes had even talked about getting a restraining order against Plaintiff, was ignored. *Id.* The stress culminated in Plaintiff suffering from cardiac arrest while driving her mail delivery van on December 31, 2024, the long-term prognosis of which remains unknown. *Id.*

The FAC seeks $300,000 in damages for the pain, suffering, and anxiety caused by Defendants' alleged harassment, slander, and general pattern of making false accusations. *Id.* at 5, 8.

### III.    ANALYSIS

#### 1.    Tort Claims Under the FTCA are Inadequately Pled

The pleadings do not cure the failure to adequately plead exhaustion of administrative remedies under the FTCA. "The FTCA waives the United States' sovereign immunity for tort claims against the federal government in cases where a private individual would have been liable under 'the law of the place where the act or omission occurred.'" *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting 28 U.S.C. § 1346(b)). An individual who seeks to pursue civil litigation against a government agency's employees, including the USPS, must therefore first exhaust the administrative remedies under the FTCA. *See* 39 C.F.R. § 912.2(a). Specifically, a claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail[.]" 28 U.S.C. § 2675(a). Until a final decision on such an administrative claim has been issued, or until sixth months have passed without a final disposition on the claim, courts lack jurisdiction over any action against the USPS. *See id.*; *Guillot v. Ferrell*,

4

2017 WL 4387317 at *4 (E.D. Cal. Oct. 3, 2017) (applying FTCA administrative exhaustion requirements to find claim against USPS and one of its staff to be unexhausted and subject to dismissal).

At most, Plaintiff alleges that she filed grievances with her union and an EEO claim a year before filing this action. ECF No. 1 at 7. Courts have held that the prosecution of union grievances do not fulfill the exhaustion requirement, at least when the grievance "fails to make a sum certain damage claim, and it is not signed by Plaintiff, his attorney or a close family member[.]" *Corey v. McNamara*, 409 F.Supp.2d 1225, 1228 (D. Nev. 2006) (citing *Cadwalder v. United States,* 45 F.3d 297, 301 (9th Cir.1995)). Plaintiff does not allege that her complaints to her union representative met these requirements. See ECF No. 1 at 7. Courts have also held that even when a plaintiff files an EEO complaint as a prerequisite to a civil action under Title VII of the Civil Rights Act of 1964, "she may not allege and recover separately for tort claims without first complying with the FTCA's mandatory administrative procedures." *Fairley v. Potter*, 2003 WL 403361 (N.D. Cal. Feb. 13, 2003). Given that the FTCA is a waiver of the federal government's sovereign immunity, the undersigned finds it proper to follow those courts' requirements of strict compliance with the administrative exhaustion requirement. *See Vacek v. United States Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006), cert. denied, 550 U.S. 906 (2007) (noting that courts "are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff[,]" and finding that where the plaintiff's claim form was mailed to the agency but never received by the agency, the plaintiff had failed to fulfill the FTCA exhaustion requirement).

The failure to plead exhaustion of administrative remedies renders the amended pleadings insufficient to state a tort claim. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar*, 698 F.3d at 1213. Plaintiff's failure to adequately cure a defect that the Court previously identified, however, suggests that providing another opportunity to do so would likely be futile.

/////

5

2.   Further Amendment May Support a Claim under Title VII

The FAC's citation to an EEO complaint process (ECF No. 4 at 7) does suggest that Plaintiff is also attempting to state a claim under Title VII of the Civil Rights Act of 1964.  Title VII prohibits employers from "discriminat[ing]…against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Claims under Title VII take many forms, including retaliation and the creation of a hostile work environment.

A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993).  To establish a prima facie case, a plaintiff must plead: (1) they were subjected to verbal or physical conduct based on membership in a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.  *ANA Maria Soares v. California*, 2016 WL 3519411 (E.D. Cal. June 28, 2016) (citing *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)).

In determining whether conduct was sufficiently severe to constitute a Title VII claim, "[c]ontext matters.  Workplace conduct is to be viewed cumulatively and contextually, rather than in isolation.  This approach makes common sense in order to screen out one-off, isolated events and yet benchmark conduct in the context of a specific workplace."  *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) (internal citations omitted).  "The question is whether the alleged offensive conduct was sufficiently severe *or* pervasive to alter the conditions of employment."  *Equal Emp. Opportunity Comm'n v. Tesla, Inc.*, 727 F. Supp. 3d 875, 890 (N.D. Cal. 2024) (emphasis original).  "In evaluating the significance of the statements in question, we consider the objective hostility of the workplace from the perspective of the plaintiff."  *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1115 (9th Cir. 2004).  For example, "allegations of a racially hostile workplace must be assessed from the perspective of a reasonable person belonging to the

/////

6

racial or ethnic group of the plaintiff." *Id.* (citing *Ellison v. Brady,* 924 F.2d 872, 878–79 (9th Cir.1991)).

A claim for retaliation, meanwhile, exists where a plaintiff pleads facts demonstrating (1) engagement in a protected activity under Title VII; (2) an adverse employment decision; and (3) a causal link between the protected activity and the adverse employment decision. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). An employee engaged in protected activity when she "either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *E.E.O.C. v. California Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1278 (E.D. Cal. 2009) (quoting *Grimes v. Texas Dept. of Mental Health and Mental Retardation,* 102 F.3d 137, 140 (5th Cir.1996)). More generally, the Ninth Circuit has defined protected activity to include any "activity intended to 'oppose[ ]' an employer's discriminatory practices." *Raad v. Fairbanks North Star Borough School District*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e–3(a)). Courts have held at least in broad terms that "requesting the assistance of a union representative may constitute protected activity." *Arvakhi v. Castro*, 2015 WL 603919 at *8 (C.D. Cal. Oct. 15, 2015) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240, n.3 (9th Cir. 2000)).

The FAC provides the specific factual allegations needed to suggest that Defendants in fact created a hostile work environment through a pattern of defamation and harassment. They consistently levied false accusations against Plaintiff, refused to provide evidence supporting some of these accusations when asked, and resisted taking any action to protect her against the brother responsible for some of the harassing behavior. ECF No. 4 at 6. The outstanding issue is whether any of this conduct was based on Plaintiff's membership in a protected class, based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). That some of these comments were directed towards her prior marriage to a celebrity (ECF No. 4 at 6) does not satisfy this requirement. Plaintiff may, however, be able to plead additional facts to suggest they were directed towards her gender or race. Leave to amend should be granted for such purpose.

/////

7

If Plaintiff amends her complaint, she may also be able to articulate a claim for retaliation under Title VII. The FAC alleges that she reported her grievances to the union representative, which may constitute protected activity if she believed the conduct she faced thus far had created a hostile work environment. ECF No. 4 at 7. In response, Defendants both "ran out" the union representative and refrained from helping Plaintiff manage her overburdened mail route. *Id.* Alternatively, Plaintiff engaged in protective activity by reporting her grievances to the EEOC. *Id.* The FAC is vague, however, as to whether any conduct that could be considered retaliatory postdated the EEO complaint. Leave to amend would also permit Plaintiff to articulate (1) whether the basis of her complaint to the union representative was the creation of a hostile work environment, and (2) specific details as to how, if at all, Defendants retaliated against Plaintiff for filing a complaint with the EEOC.

### 3. Conclusion

Plaintiff has failed a second time to articulate the necessary elements of a claim under the FTCA. The Court will not grant her further leave to amend those claims. Leave to amend the FAC is granted, however, so that Plaintiff may allege claims under Title VII of the Civil Rights Act of 1964. If she alleges the creation of a hostile work environment, she must amend her claim to articulate how she falls under a protected class, and any facts suggesting that the conduct she faced was because of her membership in such a class. If she alleges retaliation, she must articulate (1) whether the protected activity at issue is her complaint to the union steward, her EEO complaint, or both; (2) the extent to which her complaint to the union steward, if applicable, was based on what she perceived to be prohibited conduct under Title VII; and (3) what retaliatory action, if any, Defendants took for her filing of an EEO complaint.

Plaintiff is informed that when amending her complaint, she need not file a new IFP application.

### IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT:**

1.   The renewed application to proceed IFP (ECF No. 5) is DENIED as unnecessary; and

/////

2. Plaintiff shall have 30 days after the entry of this order to file a Second Amended Complaint addressing the deficiencies with her FAC as described above.

DATED: February 27, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE